IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2012

## STATE OF TENNESSEE v. FRANK L. GLAVIN

**Appeal from the Circuit Court for Bedford County**
**No. 17226      F. Lee Russell, Judge**

_____

**No. M2012-00550-CCA-R3-CD - Filed February 14, 2013**

_____

ROBERT W. WEDEMEYER, J., concurring in part and dissenting in part.


I respectfully disagree with the conclusion by the majority to vacate the Defendant's conviction for violating the implied consent law. On appeal, the Defendant specifically argues that there was insufficient evidence to convict him of violating the implied consent law. The majority vacates the Defendant's conviction for violating the implied consent law on procedural grounds, an argument not made by the Defendant on appeal.


I note that this Court is precluded from considering an issue not raised on appeal unless it warrants plain error review. "When necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal." Tenn. R. App. P. 36(b); _see also_ Tenn. R. App. P. 13(b) (stating that the appellate court may in its discretion consider other issues not raised on appeal to prevent prejudice in the judicial process, among other reasons). This Court will grant plain error review only when: "(1) the record clearly establishes what occurred in the trial court; (2) the error breached a clear and unequivocal rule of law; (3) the error adversely affected a substantial right of the complaining party; (4) the error was not waived for tactical purposes; and (5) substantial justice is at stake; that is, the error was so significant that it 'probably changed the outcome of the trial.'" _State v. Hatcher_, 310 S.W.3d 788, 808 (Tenn. 2010) (citing _State v. Smith_, 24 S.W.3d 274, 282-83 (Tenn. 2000) (quoting _State v. Adkisson_, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994)). "If any of these five criteria are not met, we will not grant relief, and complete consideration of all five factors is not necessary when it is clear from the record that at least one of the factors cannot be established." _Id._ (citation omitted). We need not consider all five factors when the record clearly establishes that at least one of the factors is not met. _Hatcher_, 310 S.W.3d at 808.

In the present case, the Defendant received a trial by a jury of his peers on all of the charges against him. The jury convicted the Defendant of felony evading arrest, violation of the implied consent law, speeding, and failure to display a vehicle registration. The jury, however, could not reach a verdict on the Defendant's charge of driving under the influence. It is possible that the Defendant chose not to raise a procedural argument regarding the implied consent violation charge in order to insure that the jury would act as the trier of fact on all of the charges against him. Therefore, I cannot determine from this record that the Defendant did not make a tactical decision to waive the procedural "error" cited by the majority as grounds for vacating the Defendant's conviction for violation of the implied consent law. I conclude that the Defendant's conviction for violation of the implied consent law was not the result of plain error and does not warrant reversal.

In addition, even if the Defendant had properly raised the issue of statutory procedure on appeal, the record reflects that the Defendant made no timely objection to the procedure utilized in this case prior to trial. Therefore, he cannot now be heard on such issues. Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). As a result, I conclude that the Defendant is not now entitled to relief as to this matter.

Accordingly, I would affirm the conviction for the violation of the implied consent law. I concur with the opinion of the majority in all other respects.

_____
ROBERT W. WEDEMEYER, JUDGE